**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Demetris Hunter, ) | | |
|     Plaintiff ) | | |
| ) | | |
| v. ) | 19-cv-6871 | |
| ) | | |
| WPD Management, LLC, and ) | | |
| 7130 S. Jeffery, LLC, ) | **JURY TRIAL DEMANDED** | |
|     Defendants ) | | |
| ) | | |

## **COMPLAINT**

Plaintiff Demetris Hunter, through her attorneys Mary Rosenberg and Access Living of Metropolitan Chicago, files this Complaint against Defendants WPD Management, LLC, and 7130 S. Jeffery, LLC and states the following:

## INTRODUCTION

1. Plaintiff Demetris Hunter ("Ms. Hunter") is a person with a disability who uses a walker for mobility. She moved into the apartment building at 7130 S. Jeffery Blvd. in Chicago approximately two years ago.

2. Ms. Hunter lives on the sixth floor of the building. On August 5, 2019, the only elevator in the building stopped working without warning. Despite several attempts by Plaintiff to reach Defendants to address the issue, Defendants have failed to fix the elevator and it does not operate.

3. As of the filing of this Complaint, Ms. Hunter has been trapped in her unit for two months because, due to her disability, she is unable to climb stairs. To remedy Defendants'

1

discriminatory conduct, Ms. Hunter brings this action for declaratory and injunctive relief, as well as damages under the federal Fair Housing Act, 42 U.S.C. § 3604.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a). Plaintiff's claim for declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 3613(c)(1).

5. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Defendants reside there and because a substantial part of the events or omissions giving rise to Plaintiff's claims arose there.

## PARTIES

6. Plaintiff Demetris Hunter ("Ms. Hunter") is a tenant at 7130 S. Jeffery Boulevard, Apartment 608, Chicago, Illinois 60649. She has lived there for approximately two years. She has a disability and uses a walker for mobility.

7. Defendant WPD Management, LLC ("WPD") is the property management company for the subject property. WPD is an Illinois Company.

8. Defendant 7130 S. Jeffery, LLC ("7130") is the owner of the subject property. 7130 is an Illinois Corporation.

## STATEMENT OF FACTS

9. Plaintiff Demetris Hunter has been a tenant of WPD Management for two years. She has a heart condition and uses a walker for mobility.

10. Ms. Hunter utilizes the elevator at 7130 S. Jeffrey to reach her unit on the sixth floor. She is unable to climb stairs.

11. On August 5, 2019, the elevator stopped working without warning.

12. Since the elevator went out, Ms. Hunter has been trapped in her apartment.

13. In early August, Ms. Hunter contacted WPD to find out when elevator service would be restored. Jackie Lopez, agent of Defendants, told Ms. Hunter that elevator would be restored in the next few weeks.

14. Shortly after, flyers were posted throughout the building that stated the elevator would be out of service for a minimum of three weeks. The flyer also stated "if Management is notified of any tenant calling 911 or the Chicago Fire Department for a non-emergency call, such action will be considered a material lease violation and the tenant will be assessed any fines rendered against WPD Management and the Building. Such violation may result in legal action including but not limited to the termination of the defaulting tenant's lease." *See* Notice, *attached as*, Exhibit A.

15. Access Living staff and Ms. Hunter have attempted to call WPD regarding the elevator, but have not received a response.

16. On September 12, 2019, Ms. Hunter's counsel sent a letter to WPD to demand management fix the elevator immediately. *See* Letter from Mary Rosenberg to WPD Management (September 12, 2019) *attached as* Exhibit B.

17. Neither Ms. Hunter nor her counsel received a response to the letter.

18. On Wednesday, September 25, 2019, Ms. Hunter had to go to the emergency room for her heart condition. She was carried down six flights of stairs by paramedics.

19. Ms. Hunter returned to the building on Sunday, September 29. It took two teams of paramedics to carry her back to her unit.

20. This situation has caused damage to Ms. Hunter. She has missed several important doctor appointments because she cannot leave the building. In addition, she is unable to freely come and go from her home, which causes her emotional distress.

## DISCRIMINATION UNDER THE FAIR HOUSING ACT

### Count I: Making Housing Unavailable

21. Ms. Hunter re-alleges and incorporates Paragraphs 1-20 as if fully set forth herein.

22. In 1968, Congress enacted the Fair Housing Act, prohibiting discrimination on the basis of race, gender, national origin, and religion in the provision of housing. In 1988, through Fair Housing Amendments Act, Congress extended the Act's protections to people with disabilities.

23. Under the Fair Housing Act, it is illegal "[to] discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of [the disability] of. . .that buyer or renter [or the disability of] a person residing in or intending to reside in that dwelling after it is . . . rented." 42 U.S.C. § 3604(f)(1).

24. Defendants discriminated against Ms. Hunter when they failed to fix the elevator, trapping her in the unit.

25. This situation has caused damage to Ms. Hunter. She has missed several important doctor appointments because she cannot leave the building. In addition, she is unable to freely come and go from her home, which causes her emotional distress.

26. Defendants, who were and continue to be well aware of Ms. Hunter's disability and the elevator situation in the building, acted intentionally, willfully, and/or in reckless disregard of her rights.

### Count II: Discriminatory Terms and Conditions

27. Ms. Hunter re-alleges and incorporates Paragraphs 1-26 as if fully set forth herein.

28. Under the Fair Housing Act, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services

or facilities in connection with such dwelling, because of a [disability] of . . . the person." 42 U.S.C. § 3604(f)(2).

29. Defendants discriminated against Ms. Hunter when they failed to fix the elevator, trapping her in the unit.

30. This situation has caused damage to Ms. Hunter. She has missed several important doctor appointments because she cannot leave the building. In addition, she is unable to freely come and go from her home, which causes her emotional distress.

31. By terminating Ms. Hunter's use of the elevator for an extended period time, Defendants are treating Ms. Hunter differently than other residents due to her disability. They are providing diminished conditions, privileges, services, and facilities to her, as other residents may be able to access their unit via the stairs in the building. Defendants' actions constitute discrimination in violation of the FHA.

32. Defendants, who were and continue to be well aware of Ms. Hunter's disability and the elevator situation in the building, acted intentionally, willfully, and/or in reckless disregard of her rights.

Count III: Retaliation

33. Plaintiff Demetris Hunter re-alleges and incorporates Paragraphs 1-32 as if fully set forth herein.

34. Under the Fair Housing Act, it is unlawful, "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [the Act]." 42 U.S.C. § 3617.

5

35. Plaintiff Demetris Hunter exercised her fair housing rights by requesting that Defendants fix the elevator so that she is able to leave her apartment. In response, Defendants put up signs around the building threatening to evict anyone who called emergency services for help getting out of the building.

36. This situation has caused damage to Ms. Hunter. She has missed several important doctor appointments because she cannot leave the building. In addition, she is unable to freely come and go from her home, which causes her emotional distress.

37. Defendants, who were and continue to be well aware of Ms. Hunter's disability and the elevator situation, acted intentionally, willfully, and/or in reckless disregard of her rights.

Wherefore, Plaintiff Demetris Hunter respectfully requests that this Court:

A. Declare that Defendants' acts constitute discrimination under the Fair Housing Act 42 U.S.C. § 3604;

B. Order Defendants immediately to fix the elevator in the building;

C. Award Plaintiff actual damages, including pain and suffering resulting from Defendants' illegal discrimination;

D. Award Plaintiff punitive damages as a result of Defendants' willful, malicious, or reckless conduct;

E. Award Plaintiff her reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2);

F. Order Defendants to attend Fair Housing training and disability awareness training at Defendants' expense by an entity approved by Ms. Hunter;

G. Order Defendants to create a policy on reasonable accommodations and modifications; and

6

H.  Grant any other relief this court deems appropriate.

DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury.


Dated: October 17, 2019                                   Respectfully Submitted,


                                                __/s/ Mary Rosenberg_____
                                                Mary Rosenberg
                                                Attorney for Plaintiff


Mary Rosenberg
Kenneth M. Walden
Charles Petrof
Access Living of Metropolitan Chicago
115 W. Chicago
Chicago, Illinois 60654
mrosenberg@acccessliving.org
(312) 640-2155