IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DEMETRIS HUNTER**,

                  *Plaintiff*,

v.

**WPD MANAGEMENT, LLC AND 7130 S. JEFFREY LLC**,

                  *Defendants*.

No. 1:19-cv-6871

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants, WPD MANAGEMENT, LLC and 7130 S. JEFFREY LLC (the "Defendants"), by and through their attorneys, Wendy P. Durbin and Nicholas R. Mitchell, as and for their Motion to Dismiss the Complaint filed by Plaintiff, DEMETRIS HUNTER, pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

## I.    INTRODUCTION

Plaintiff, Demetris Hunter ("Hunter"), alleges that the Defendants are discriminating against her because the elevator in the building is undergoing repairs, causing the elevator to be temporarily out of service. Hunter further claims Defendants are retaliating against her because Defendants posted an informational flyer detailing services available to all tenants while also cautioning all tenants against misuse of the city's first responder services for non-emergency purposes while the elevator is undergoing repairs.

Hunter has filed the instant Complaint seeking an order from this Court compelling the Defendants to immediately repair the elevator, provide housing accommodations while the elevator is undergoing repairs and to refrain from evicting her. Hunter's complaint fails to state a claim for violation of the Fair Housing Act ("FHA") both because Hunter has failed to allege

that she suffered an injury within the meaning of the statute and because Hunter has failed to adequately allege Defendants intentionally acted to discriminate against her. Furthermore, to the extent Hunter intended to allege that she was discriminated against on the basis of a handicap, Hunter fails to adequately allege that Defendants had any knowledge of such handicap at the time of the alleged discriminatory conduct.

II. **ARGUMENT**

A. **Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)**

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)." In other words, "[u]nder the pleading standard now articulated by the Supreme Court, the complaint must contain allegations that "state a claim to relief that is plausible on its face" or it is subject to dismissal under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009), quoting *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*. at 557. *Virnich v. Vorwald*, 664 F.3d 206, 212, 2011 U.S. App. LEXIS 25215, *11. The claim must be described "in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

### B. Hunter Fails to State a Claim Under Section 3604(f) of the FHA

In Count I of Hunter's Complaint, she sues the Defendants under FHA section 3604(f)(1) which, in relevant part, makes it unlawful: to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter. While Count I of the Complaint claims a violation of Section 3604(f)(1) of the FHA, the federal courts have held that "a lack of elevator service is a matter of habitability, *not availability*, and does not fall within the terms of these subsections." *Clifton Terrace Associates, Ltd. v. United Technologies Corp.*, 289 U.S. App. D.C. 121, 929 F.2d 714, 719 (1991) (emphasis added). Count I must be dismissed, then, because the claim relies entirely upon the alleged unavailability of elevator availability. (Complaint, ¶ 24.) Hunter further fails to allege that adverse action was taken by the Defendants *because of* Hunter's alleged disability, much less, setting forth the facts upon which Hunter relies to support such a claim.

In this case, the elevator suffered a mechanical failure out of the control of the Defendants which affected all the tenants in the building. (Complaint, Exhibit A, *passim*). Like the plaintiff in *Clifton Terrace Associates, Ltd.,* Hunter confuses habitability with availability. Indeed, Hunter readily acknowledges in her Complaint that she has been a tenant in the property for two years, thereby defeating her own claim by demonstrating both the availability of the unit to her and her ability to be a tenant.

Hunter next states she is disabled in her Complaint with conclusory statements summarily suggesting the Defendants had actual knowledge of her disability at the time of elevator mechanical breakdown (*see, e.g.*, Complaint, ¶¶ 6, 9, 26). But Hunter fails to show discrimination based upon her disability within the meaning of the FHA. Hunter also fails to

allege other than in a conclusory manner, that Defendants had knowledge of her alleged disability at the time the elevator became inoperative.

Finally, Plaintiff fails to allege, that Defendants took adverse action against Hunter alone *because of* her alleged disability in regards to the use of the elevator. Indeed, even though Plaintiff failed to attach the entirety of the notice as her Exhibit A to the Complaint, so much of it as *was* included shows that all tenants were affected and that management had offered up services for any tenants "that require additional assistance entering or exiting the building, or assistance with carrying items up to their apartment" – all without charge. *See* Exhibit A of Complaint. The Courts of this jurisdiction are to "consider the exhibits attached to a complaint . . . [and] where an exhibit conflicts with the allegations of the complaint, the exhibit typically controls. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). Thus, a plaintiff "'may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.'" *Id. Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645, 2006 U.S. App. LEXIS 23414, *7 (2006). Plaintiff properly should be deemed to have pleaded herself out of Court through the facts contained in her Exhibit A.

Based on the foregoing, Hunter has failed to establish a viable cause of action under section 3604(f)(1) and, indeed, has effectively alleged facts through Exhibit A that defeat her claim. Count I, then, should be dismissed, with prejudice.

  **C.**   **Hunter Did Not Request Reasonable Accommodations**

In Count II of the Plaintiff's Complaint, Hunter sues the Defendants under Section 3604(f)(2) of the FHA which, in relevant part, makes its unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person.

Page 4

iManage\WP700\39040\4182059.v1-2/4/20

"Discrimination includes 'refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling.'" § 3604(f)(3)(B). *Edwards v. Lake Terrace Condominium Ass'n*, No. 1:10-cv-2986, 2011 U.S. Dist. LEXIS 43304, at \*15-16 (N.D. Ill. Apr. 21, 2011).

Section 3604(f)(2) is not applicable because the Defendants did not initiate or otherwise take any action that caused the elevator to breakdown. Indeed, and as explained above, Exhibit A to the Complaint effectively concedes that "[m]anagement has taken every step necessary to immediately restore the elevator back to regular operation" and that "tenants that require additional assistance entering or exiting the building, or assistance with carrying items up to their apartment" would be provided free of charge throughout the duration of the elevator's being out of service. (Complaint, Exhibit A).

No facts are alleged that Hunter was denied such an accommodation while the repairs were underway or before the filing of her Complaint. Like the plaintiff in *Edwards*, Hunter has not been treated differently than any other tenant because of her disability in regards to non-use of the elevator. Furthermore, Hunter's only accommodation request was her attorney's demand for immediate repair of the elevator. Similar to *Edwards*, Hunter's Complaint also overlooks the fact that the Defendants only need to make reasonable accommodations for handicapped tenants.

Hunter states the failure of the Defendants to immediately repair the elevator as the basis of her claim for discrimination against her. As explained above, however, Hunter was not treated differently than any other tenant in the building and, furthermore, accommodations were made available without charge to her and to any other tenant who were impacted by the emergency elevator repairs. Additionally, the Defendants did not have any actual knowledge of

Hunter's alleged disability or her need for additional services since her only correspondence to the Defendants was a demand for immediate repair of the elevator.  Hunter's Complaint fails to allege any facts that Defendants took adverse actions for the purpose of interfering with Hunter's use of the premises because of her disability or refused her reasonable accommodation request.

Based on the foregoing, then, Hunter's Complaint must be dismissed because she fails to show discrimination has occurred under FHA Sections 3604(f)(1) and (2).  Specifically, Hunter's Complaint fails to allege that Defendants were aware of her alleged disability at the time of the elevator breakdown, that Defendants took adverse actions because of such alleged disability and that Defendants refused to make reasonable accommodations upon Hunter's request.  To the contrary, and fatally, Hunter attaches to her Complaint a notice from Defendants that demonstrates that the Defendants provided free accommodations for services during the time the elevator is under repair to all tenants.  Hunter chose not to avail herself of these free additional services, but instead, filed a Complaint demanding immediate repair of the elevator and payment of attorney fees.  Since the elevator was under repair both before and since the filing of this Complaint as is the only reasonable inference to be drawn from Exhibit A of the Complaint, Plaintiff has effectively pleaded herself out of Court by effectively admitting that the Defendants have complied with the only demand she made upon the Defendants.

### D. <u>Hunter Fails to Properly Plead Retaliation</u>

Count III of Plaintiff's Complaint alleges the Defendants took retaliatory action against Hunter.  To prevail on a FHA Section 3617 claim, a plaintiff must show that (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an

intent to discriminate. *Bloch v. Frischholz,* 587 F.3d 771, 783 (7th Cir. 2009). In the case at hand, Count III must be dismissed because Hunter cannot establish the Defendants intended to discriminate against her when the elevator wasn't immediately repaired.

To the contrary, Hunter's Complaint jumps to the altogether unwarranted conclusion that, because Hunter's requested immediate repair of the elevator was not instantly effectuated, the Defendants thus acted in a retaliatory manner toward her. Hunter cannot override the contrary facts contained in her Exhibit A, however. Hunter also fails to allege that she was served with a termination notice or otherwise threatened as a result of her demand to the Defendants to fix the elevator immediately as her Complaint suggests. To the contrary, the reasonable inference to be drawn from Exhibit A - the only facts alleged in support of the threat of retaliation – is that calling 911 for non-emergencies would jeopardize the safety, health and welfare of all tenants of the building. This is particularly true where five separate telephone numbers are provided for tenant use in obtaining assistance with entry or exit. (Complaint, Exhibit A).

Indeed, the only reasonable inference to be drawn from Exhibit A to the Complaint is that the Defendants were motivated to fix and repair the elevator to better serve all tenants, not to discriminate against Hunter. Since Hunter not only has failed to plead a cause of action for retaliation but has defeated her own claims through the Exhibit A she attached to her Complaint, Count III of her Complaint must be dismissed, too.

## **CONCLUSION**

For all of the reasons set forth herein, Defendants respectfully request that Plaintiff's Complaint be dismissed as to all Defendants, with prejudice, and that the Court award such other and further relief as the Court may deem just and proper.

Page 7
iManage\WP700\39040\4182059.v1-2/4/20

Respectfully submitted,

**WPD MANAGEMENT LLC, &
7130 S. JEFFREY LLC,** *Defendants.*

By: /s/ Wendy P. Durbin
One of their attorneys

**KOVITZ SHIFRIN NESBIT – 6288124**
Attorneys for Defendants
55 W. Monroe Street, Suite 2445
Chicago, IL 60603
312.880.1216 Ph.
847.537.0550 Fax
nmitchell@ksnlaw.com
wdurbin@ksnlaw.com